UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 12-237-JBC

DANIEL CONRAD, PLAINTIFF,

V.   MEMORANDUM OPINION AND ORDER

THE SHERWIN WILLIAMS
COMPANY, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the court on Daniel Conrad's motion to remand this action to Estill Circuit Court (R. 8) and the motion of the University of Kentucky and Kentucky Medical Services Foundation, Inc., to file an intervening complaint (R. 15). The defendants removed this action, asserting that the single Kentucky-resident defendant, Walter Larsen, was fraudulently joined. Because Conrad would not be able to maintain an action against Larsen under the Kentucky Middleman Statute, the court will dismiss Larsen from this action and deny the motion to remand. Also, as the University's motion is unopposed and would not affect the court's exercise of diversity jurisdiction over this action, the court will grant the motion to file an intervening complaint.

Conrad alleges that he was injured by a defective can of Sherwin Williams's Dupli-Color spray paint, manufactured by BWAY Corporation, that he purchased at Advance Auto in Irvine, Kentucky. Larsen is the store manager. Conrad filed suit in Estill Circuit Court, listing all of the above-named entities as defendants. He

1

asserts products liability negligence claims against the defendants, and specifically asserts negligence and failure-to-warn claims against Larsen. The defendants removed the case to this court, Conrad moved to remand, and the defendants filed responses accompanied by affidavits; Conrad did not reply.

Because Conrad would not be able to pursue a cause of action against Larsen in state court, Larsen is improperly joined in this action. "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009). Accordingly, in determining whether the plaintiff has a viable claim against a defendant, the court evaluates evidence as it would in a Rule 12(b)(6) motion to dismiss and construes any contested issue of fact in the plaintiff's favor. *See Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011).

Here, Kentucky's Middleman Statute, KY. REV. STAT. § 411.340, prevents Conrad from being able to state a plausible cause of action against Larsen on the facts he has alleged:

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

2

This statute protects those who merely sell a product and have no relationship to its manufacture or design. *See Parker v. Henry A. Petter Supply Co.*, 165 S.W.3d 474 (Ky. Ct. App. 2005). The manufacturers of the allegedly defective can of spray paint are defendants in this action, and Larsen therefore falls under the Middleman Statute's protections.

When a plaintiff has stated a viable claim but has omitted discrete facts that would allow the court to determine the propriety of joinder, the court may pierce the pleadings and conduct a summary inquiry. *See Walker v. Phillip Morris USA, Inc.*, 443 Fed. App'x 946, 953 (6th Cir. 2011) (quoting *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)). Conrad alleges in his complaint that Larsen knew or should have known about the product's alleged defect; however, he does not allege any additional facts that would allow the court to infer that Larsen had "any special knowledge to foresee the ultimate danger any better than the average citizen." *Steel v. Ford Motor Co.*, No. 05-409-KSF, 2007 WL 608367 at *2 (E.D. Ky. Feb. 22, 2007) (citing *Funk v. Wagner Machinery*, 710 S.W.2d 860, 862 (Ky. Ct. App. 1986)). Larsen supplied a sworn statement that he had no such knowledge, that he did not modify the product in any way, and that he made no warranties to Conrad regarding the allegedly defective product. Conrad elected not to reply to the defendants' response to his motion to remand, and he has thus waived the opportunity, for purposes of this motion, to rebut Larsen's sworn statements or to supply additional facts that would support his claims against Larsen.

3

Even according to Conrad the deference that he would receive on a Rule 12(b)(6) motion to dismiss, *see Walker*, 443 Fed App'x at 954, he has failed to state a claim against Larsen upon which relief can be granted. In order to maintain an action against Larsen, Conrad must "[a]t the very least . . . allege some more specific or special knowledge of dangerousness by the retailer to avoid the protections afforded by KRS 411.340." *Weixler v. Paris Co.*, No. 3:02CV-390-H, 2003 WL 105503 at *2 (W.D. Ky. Jan. 2, 2003). To allow this action to proceed against Larsen on the facts alleged in the complaint would circumvent the Middleman Statute altogether. *Id*. Accordingly, the court will dismiss Larsen from this action and will deny Conrad's motion to remand.

The University of Kentucky and Kentucky Medical Services Foundation have moved to file an intervening complaint. Both are Kentucky residents, but as they would intervene as plaintiffs in this action, allowing the intervention does not affect this court's exercise of jurisdiction.

Accordingly,

**IT IS ORDERED** that Conrad's motion to remand (R. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Conrad's claims against Larsen are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the University's motion to file an intervening complaint (R. 15) is **GRANTED**.

Signed on October 29, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY