UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-CV-237-KSF

DANIEL CONRAD                                                                                          PLAINTIFF

UNIVERSITY OF KENTUCKY
KENTUCKY MEDICAL SERVICES FOUNDATION, INC.        INTERVENING PLAINTIFFS

vs.                                              **OPINION AND ORDER**

THE SHERWIN WILLIAMS COMPANY
BWAY CORPORATION and
ADVANCE AUTO PARTS                                                                         DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the Intervening Plaintiffs for summary judgment against the Plaintiff regarding charges incurred as a result of his injury. For the reasons discussed below, the motion will be granted.

**I.     BACKGROUND**

This action was removed to federal court based on diversity jurisdiction. DE 1. Plaintiff's complaint alleged he was injured by a can of spray paint manufactured and marketed by the Defendants. The Intervening Complaint alleged that the Intervening Plaintiffs ("UK") incurred hospital and physician charges as a result of Plaintiff's injury in the total amount of $20,342.50 plus interest. DE 18. No objection was made to the motion to file the Intervening Complaint. After the motion was granted, Plaintiff did not file an answer raising any defense to the charges.

UK moved for summary judgment against Plaintiff on the medical charges and provided supporting detailed statements. DE 45. Plaintiff's response to the summary judgment motion claims, without evidentiary support, that there is a question of whether the amount charged was reasonable and that the motion is premature because no proof has been taken to date. DE 48.

No authority is cited in support of the response. Plaintiff does not identify any fact or potential evidence that could be obtained if he were given additional discovery time.

## II. ANALYSIS

"In cases like this one invoking diversity of citizenship jurisdiction, the Court applies the state law's substantive standard for determining when judgment as a matter of law is appropriate. *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir. 1998)." *Greene v. B.F. Goodrich Avionics Systems, Inc.*, 409 F.3d 784, 788 (6th Cir. 2005). The procedural requirements for summary judgment, however, are controlled by Fed. R. Civ. P. 56. "Summary judgment is a procedural device for deciding a case without the necessity of a full-blown trial. When there is a motion for summary judgment in a diversity case, the provisions of Rule 56 control its determination." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend,* 130 S. Ct. 1181 (2010)..

> Rule 56(c)(1) provides in part:
>
> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

In this case, UK's motion for summary judgment attached itemized statements prepared in the ordinary course of business. Plaintiff's response to the motion does not cite to any evidence whatsoever. There is no denial that the charges were incurred and no affidavit regarding evidence that could be obtained if additional time were allowed. The pleadings do not assert any defense to the Intervening Complaint. Accordingly, Plaintiff has failed to meet its burden in response to a properly supported motion for summary judgment.

Even if Kentucky procedural law were applicable, the outcome would be the same. In *Hibbitts v. Cumberland Valley National Bank & Trust Co.*, 977 S.W.2d 252 (Ky. Ct. App. 1998), the

plaintiffs alleged it was error to grant summary judgment prior to discovery being taken. The court noted that "they fail to point to any fact or potential evidence which they could have obtained if they had been given additional discovery time." *Id.* at 254. The court concluded there was no genuine issue of material fact and that summary judgment was properly granted. *Id.*

### III.    CONCLUSION

**IT IS ORDERED** that the motion of University of Kentucky and Kentucky Medical Services Foundation, Inc., Intervening Plaintiffs, for summary judgment against the Plaintiff [DE 45] is **GRANTED** and Judgment shall be entered contemporaneously with this Opinion and Order.

This December 10, 2013.

Signed By:
*Karl S. Forester*  KSF
United States Senior Judge