UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-CV-237-KSF

DANIEL CONRAD											PLAINTIFF

and

UNIVERSITY OF KENTUCKY
KENTUCKY MEDICAL SERVICES FOUND., INC.			INTERVENING PLAINTIFFS

vs.					**OPINION AND ORDER**

THE SHERWIN WILLIAMS CO., et al.						DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff Daniel Conrad's ("Conrad") motion for summary judgment on the issue of liability. For the reasons discussed below, the motion will be denied.

I.    BACKGROUND

Plaintiff Conrad was working in his father's body shop painting a vehicle for an acquaintance, Rand Hall. Conrad told Hall that the bumper needed clear coat and that the shop was out. Hall purchased spray cans of clear coat from Advanced Auto. Conrad alleges that when he pressed the nozzle on the paint can later that day, the bottom of the can flew off and the top of the can struck him in the eye. He suffered sinus and facial fractures and the loss of vision in that eye.

Conrad moves for summary judgment based on the deposition testimony of David Blythe, an engineer who was designated as a corporate representative, fact witness for BWAY Corporation. He was designated to testify regarding the design and safety testing of the spray can, any customer complaints and similar explosive incidents. DE 49-2. During the deposition, the following exchange occurred between Conrad's counsel (Q) and Blythe (A):

[Regarding the use of an aerosol can]

Q. You take the top off and you – you press the –

A. Press the button.

Q. Okay. And that's what Daniel did in this case?

A. Yes.

Q. And that use of – that he was – in the way he was using the can was rea – reasonably foreseeable to be –

MR. COLE: Objection. Now, that's a matter of proof. What – what he – if he knows – he wasn't there. He didn't see Daniel use it.

BY MR. YEAST:

Q. You were there for – you were present for Daniel's deposition?

A. Yes.

Q. And you heard how Daniel said he used the can?

A. Yes.

MR. COLE: Whether that's true or not, is – that– that wasn't your question.

BY MR. YEAST:

Q. The use as he explained it in his deposition is, he took the lid off and was spraying a bumper with it?

A. Yes.

Q. That use is reasonably foreseeable by the end-user of the can that BWAY produces?

A. Yes.

Q. And Daniel had the right to expect that the can would not explode?

A. Yes.

Q. Okay. And the can as Daniel was using it on that day – and I'm asking you to assume the facts as he explained in his deposition were true – that can would have been in an unreasonably dangerous condition at the time?

MR. COLE: Object to the form.

BY MR. YEAST:

Q.      Do you agree with that?

A.      Can – can you say it again?

Q.      Assuming that the way Daniel used the can was the way he actually did it and that the can actually burst the way that he said that it did, you would agree with me, sir, that the can at that time was in an unreasonably dangerous condition?

MR. COLE:  Considering the condition, his observation of the can after the explosion or –

MR. YEAST: No.  I – I'm just asking to – the way I asked my question.

WITNESS:  If you're saying the way that he sprayed – the way he said he'd done it, not seeing the can right before he sprayed, I wouldn't have expected it to burst.

BY MR. YEAST:

Q.      Okay.  And if it looked like a normal can and you grabbed it and it exploded in your face, you would have considered the can at the time that you were using it to be in an unreasonably dangerous condition?

MR. COLE: Objection to the form.  He's a fact witness.  What's unreasonably dangerous is beyond the matter of proof.

BY MR. YEAST:

Q.      You can answer the question.

A.      Yes.

Blythe Depo. at 38-41.

Conrad characterizes this testimony as a "judicial admission" by BWAY that "the can was in an unreasonably dangerous condition when Daniel used it." DE 49-1 at 4.  Conrad contends that this "admission" makes BWAY strictly liable for Conrad's damages.  Accordingly, he argues that his motion for judgment on liability should be granted.

BWAY responds that the statement is not a judicial admission and, in fact, is not admissible evidence.  BWAY also relies on the testimony of its expert as creating a genuine issue of material fact.  DE 50.  Conrad replies that the expert's testimony is without any factual basis and that his

3

testimony does not meet the requirement of trustworthiness. Conrad reiterates that BWAY is bound by Blythe's testimony. DE 51.

## II. ANALYSIS

### A. **Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In other words, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. **Blythe's Testimony Is Not A Judicial Admission**

"Judicial admissions of fact must be deliberate and clear, while legal conclusions are rarely considered judicial admissions." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). *See also In re Teleglobe Communications Corp.*, 493 F.3d 345, 377 (3d Cir. 2007) ("To be binding, admissions must be unequivocal. ... Similarly, they must be statements of fact that require evidentiary proof, not statements of legal theories.").

The statement in the present case, that the aerosol can "was in an unreasonably dangerous condition," without question is a legal conclusion, not a statement of fact. The statement further relies on an assumption that the truth about what happened can be found only in the Plaintiff's

testimony. Mr. Blythe did not deliberately, clearly, and unequivocally agree with the Plaintiff's version of the facts. The same flaw is evident in Mr. Blythe's legal opinion about "foreseeability."

Additionally, "[c]ourts should generally exclude inquiries that ask non-expert witnesses to pontificate upon legal questions." *Slayton v. Ohio Department of Youth Services*, 206 F.3d 669, 676 (6th Cir. 2000) (citing *Torres v. County of Oakland,* 758 F.2d 147, 151 (6th Cir. 1985)). In *Torres*, the court said:

> The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury. This "invade[s] the province of the court to determine the applicable law and to instruct the jury as to that law."

*Torres,* 758 F.2d at 150. Rule 56 permits objections when the "material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Defendants' objection on this ground is well taken.

Finally, Kentucky law "imposes strict liability on one who sells any product in a defective condition unreasonably dangerous to the user or consumer." *Dalton v. Animas Corp.*, 913 F. Supp.2d 370, 373 (W.D. Ky. 2012) (citing *Leslie v. Cincinnati Sub-Zero Products, Inc.*, 961 S.W.2d 799, 803 (Ky. Ct. App. 1998)). "[A] plaintiff has the burden of showing an identifiable, unreasonably dangerous defect." *Id.* Conrad has failed to cite any evidence that the aerosol can was "defective," either by design or by reason of inadequate warnings. Accordingly, Conrad has failed to meet his burden, and the motion for summary judgment must be denied.

**C.      Summary Judgment May Also Be Denied Based On Mr. Durako's Testimony**

Defendants noted in their response that their expert witness, William J. Durako, Jr., P.E., opined that the cause of the failure of the can was "repeated impacting of the can on a hard surface with enough force to deform the steel and ultimately cause the can to rupture." DE 50 at 3. Defendants argue that this testimony creates a genuine issue of material fact regarding the reason the can burst. Conrad argues in reply that Mr. Durako's opinion "was based upon pictures taken by himself and no other testimony nor evidence." DE 51 at 3. That argument is refuted by the

record. Mr. Durako brought to his deposition, pursuant to Plaintiff's request, various documents that he used in formulating his opinion. DE 50-2 at 7. Those included ASTM specification A623, specifications in CFR Title 49, Part 173.306 and Part 178.33, two CDs of data "from IMR and from Mr. Johnson,"[1] data on the testing that was done during the IMR meeting, exemplar work done prior to the IMR meeting, other photographs of the can during initial inspection by BWAY, specifications from BWAY on their tin mill products, and Mr. Johnson's report. *Id.* at 7-11. Mr. Durako observed a so-called "elephant foot" deformation on the can that "[c]annot occur unless the can has been subject to the compressive axial forces high enough to produce stresses that are in excess of the yield strength of the can material." *Id.* at 36-37. Accordingly, what caused the can to explode is a question of material fact for the jury to decide.

III. **CONCLUSION**

**IT IS ORDERED** that Plaintiff's motion for summary judgment [DE 49] is **DENIED**.

This February 7, 2014.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**

---

[1] Mr. Johnson is Plaintiff's expert.